PROB 12C
(7/93)

Report Date: March 30, 2012

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 04 2012

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Nancy Colleen Fife                Case Number: 2:08CR02028-001

Address of Offender: ▮▮▮▮▮▮▮▮▮▮ Naches, WA 98937

Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: 04/24/2009

| | | | |
|---|---|---|---|
| Original Offense: | Bank Embezzlement, 18 U.S.C. § 656 | | |
| Original Sentence: | Prison - 2 Months; TSR - 36 Months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | TBD | Date Supervision Commenced: | 06/25/2009 |
| Defense Attorney: | Diane E. Hehir | Date Supervision Expires: | 06/24/2012 |

## PETITIONING THE COURT

**To issue a summons**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #6**: If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. |

**Supporting Evidence**: The defendant failed to pay her restitution in accordance with the Schedule of Payments on or about January 31, 2012, and March 5, 2012. According to the defendant's Schedule of Payments, restitution is payable on a monthly basis at a rate of 25 percent of the defendant's net income, after bills are paid.

On June 25, 2009, Ms. Fife was released from custody and her 3-year term of supervised release began, including 120 days of home confinement. During this time, Ms. Fife was involved in divorce proceedings which included a monetary settlement from her ex-husband's 401K. Ms. Fife's portion of this 401K settlement was estimated to be $35,000. During the course of her supervision, Ms. Fife had multiple conversations with her supervising probation officer regarding her settlement and the issue of her restitution, which totaled $36,222. Originally, Ms. Fife indicated once she received the financial settlement, she would apply it towards her restitution in hopes of paying it off.

Prob12C
Re: Fife, Nancy Colleen
March 30, 2012
Page 2

On September 27, 2011, Ms. Fife discussed with this officer her concern that if she liquidated her portion of the 401K settlement, she would be taxed up to 20 percent on the amount withdrawn. It was discussed that it may be more beneficial to keep the funds in the form of a 401K and to continue paying on her restitution.

On or about January 31, 2012, the defendant received her financial settlement in the amount of $33,794.24. On or about March 5, 2012, the defendant also received funds in the amount of $3,288, from her Federal income tax return.

According to financial statements received from the Financial Litigation Unit with the United States Attorney's Office, on January 31, 2012, Ms. Fife did not leave her portion of the funds in a 401K as previously discussed. Ms. Fife chose to withdraw the funds and paid $8,448.56, in taxes and spent the remaining amount of $33,794.24, on various purchases. Since receiving these funds, Ms. Fife did make restitution payments on February 16, in the amount of $130, and on March 13, 2012, in the amount of $150.

According to the Financial Litigation Unit, the funds received in her divorce settlement and from her income tax return are considered net income and are subject to 25 percent of the total amount payable towards her restitution, in the amount of $9,270.56. At the time of this report, the defendant has failed to pay this amount towards her restitution as instructed.

2   **Special Condition #16**: You shall provide the supervising probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your Federal income tax returns. You shall disclose all assets and liabilities to the supervising probation officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising probation officer.

**Supporting Evidence**: On March 20, 2012, the defendant submitted to the Financial Litigation Unit financial paperwork indicating she received her divorce settlement in the amount of $33,794.24, and she received her Federal income tax return in the amount of $3,288. Ms. Fife disclosed in the documents that she had made multiple purchases with these funds.

On March 9, 2012, Ms. Fife did disclose to her supervising probation officer the purchase of one vehicle on her monthly reporting form, however, she failed to disclose the funds she received and the totality of purchases she made with those funds.

It was not until a discussion with the Financial Litigation Unit on March 21, 2012, that is was discovered Ms. Fife had received any financial settlements or refunds or the extent of her purchases.

Prob12C
Re: Fife, Nancy Colleen
March 30, 2012
Page 3

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  03/30/2012

s/Stephen Krous

Stephen Krous
U.S. Probation Officer

## THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[✓]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

4/3/2012
Date